UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WINDWARD BORA LLC,

                Plaintiff,

                -against-

JONATHAN VALENCIA; JESSICA X. VALENCIA; ERICA VALENCIA; LONG ISLAND JEWISH MEDICAL CENTER; WELLS FARGO FINANCIAL NATIONAL, BANK D/B/A WELLS FARGO NATIONAL BANK WEST, CAPITAL ONE BANK (USA), N.A.,

                Defendant(s).
------------------------------------------------------------------------X

Civil Action No.:

VERIFIED COMPLAINT

WINDWARD BORA LLC ("Windward Bora LLC" or "Plaintiff") by and through its attorneys, The Margolin & Weinreb Law Group, LLP, as and for its Complaint to foreclose the premises and mortgage against Jonathan Valencia; Jessica X. Valencia; Erica Valencia; Long Island Jewish Medical Center, Wells Fargo Financial National Bank d/b/a Wells Fargo National Bank West and Capital One Bank (USA), N.A., (collectively referred to as the "Defendants"), respectfully alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known as 214 North 5th Street, Bethpage, New York 11714 Street known on the Nassau County Tax Map as SECTION: 46, BLOCK: 51; LOTS: 27, 28 and 29, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as **Exhibit "A".**

## PARTIES

2. Windward Bora LLC is a limited liability company organized under the laws of the State of Delaware.

3. Windward Bora LLC is a single-member limited liability company, whose sole member, Yonel Devico ("Devico"), is a citizen of the Kingdom of Morocco. Devico is lawfully admitted for nonpermanent residence in the United States and is residing in the State of Florida. For the purposes of diversity, Windward is a citizen of Morocco.

4. Jonathan Valencia, upon information and belief, is a resident and citizen of the State of New York, having an address at 214 North 5th Street, Bethpage, New York 11714. Valencia is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Mortgage (as such terms are defined below) and (ii) is the Mortgagor under the Mortgage;[1].

5. Jessica X. Valencia, upon information and belief, is a resident and citizen of the State of New York, having an address at 214 North 5th Street, Bethpage, New York 11714. Jessica X. Valencia is a necessary party defendant to this action by virtue of the fact that she is an owner of the Property by virtue of a deed dated July 25, 2017 and recorded September 15, 2017 in Liber 13560 at Page 585 in the Nassau County Clerk's Office.

6. Erica Valencia, upon information and belief, is a resident and citizen of the State of New York, having an address at 214 North 5th Street, Bethpage, New York 11714. Erica Valencia is a necessary party defendant to this action by virtue of the fact that she (i) is an

---

[1] Javier Valencia a/k/a Javier A Valencia executed both the Note and Mortgage. Javier Valencia died on December 26, 2016.

owner of the Property by virtue of a deed dated July 25, 2017 and recorded September 15, 2017 in Liber 13560 at Page 585.

7. Long Island Jewish Medical Center, is a domestic not-for-profit corporation incorporated under the laws of the State of New York with its principal place of business located at 35 Pinelawn Road Suite 100W, Melville, New York 11747. As such, for purposes of diversity jurisdiction, Long Island Jewish Medical Center is a citizen of the State of New York.

8. Long Island Jewish Medical Center is a necessary party-defendant to this action by virtue of a judgment docketed in the Nassau County Court on February 24, 2012 in the amount of $2,082.55 ("Judgment"). The Judgment is subject to and subordinate to Plaintiff's mortgage. *See* **Exhibit "B"**.

9. WELLS FARGO FINANCIAL NATIONAL BANK d/b/a Wells Fargo National Bank West ("Wells Fargo") is a foreign corporation headquartered in Las Vegas, Nevada with its principal place of business located at 4455 Spring Mountain Road, Las Vegas, Nevada 89102.

10. Wells Fargo is a necessary party defendant based on a judgment docketed on September 15, 2019 in the amount of $2,330.00. The Judgment is subject to and subordinate to Plaintiff's mortgage. *See* **Exhibit "B"**.

11. Capital One Bank (USA), N.A., ("Capital One") is a national banking association with an address of 15000 Capital One Dr., Richmond, Virginia 23238-1119.

12. Capital One is a necessary party defendant based on a judgment docketed on May 22, 2019 in the amount of $5,333.40. The Judgment is subject to and subordinate to Plaintiff's Mortgage. *See* **Exhibit "B"**.

13. Each of the above-named Defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

14. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

15. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

16. This action is brought to foreclose a mortgage made by Javier Valencia and Jonathan Valencia set out as follows:

   a. Mortgage dated March 29, 2007, made by Javier Valencia and Jonathan Valencia to JPMorgan Chase Bank, N.A., to secure the sum of $82,000.00 and interest, recorded in Liber 31903 at page 37 on May 17, 2007 in the Nassau County Clerk's Office. Said instrument affects the premises known as 214 North 5th Street, Bethpage, New York 11714. A copy of the Mortgage is annexed hereto as **Exhibit "C"**.

   b. On March 29, 2007, Javier Valencia also executed and delivered a Note to JPMorgan Chase Bank, N.A. in the amount of $82,000.00. A copy of the Note with its corresponding allonge as affixed to the Note is annexed hereto at **Exhibit "D"**.

17. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

18. Plaintiff is in physical possession and is the owner and holder of said original Note with its corresponding allonge and the Mortgage. *See* Yonel Devico Affidavit of Note Possession at **Exhibit "E"**.

19. Javier Valencia has failed to comply with the terms and provisions of the Note and Mortgage, by failing to make the Monthly Payments due on the eleventh (11th) day of June 2013 and the default continues to date.

20. Plaintiff has complied with the contractual provisions in the loan documents in that Default Notices to cure were issued on December 21, 2018 to Javier Valencia and Jonathan Valencia (the "Default Notices") advising of possible acceleration of the loan and that by virtue of his continuing default under the Note, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. 90-day Notices were provided pursuant to Real Property Actions and Proceedings Law ("RPAPL") Section §1304(1) on December 21, 2018 to Javier Valencia and Jonathan Valencia. Plaintiff has complied with the registration requirements of RPAPL §1306(1). Copies of the Default Notice and 90-day notices with proof of mailings and registration with New York Department of Financial Services are annexed hereto as **Exhibit "F"**.

21. Pursuant to RPAPL Section 1302 as amended, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

22. As of the date herein, neither Javier Valencia or Jonathan Valencia have responded to the Default Notices.

23. Due to the above-described default, the amount owed to Plaintiff pursuant to the terms of the Note and Mortgage:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of December 21, 2018 amounts to $128,788.16.

    b. Attorney's fees and other costs and disbursements, payable to Windward Bora LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

24. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any right of tenants or person in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

25. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

26. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such

monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff.

Dated: July 18, 2019
      Syosset, New York

                                          Yours, etc.

                                          By: /s/ Alan H. Weinreb
                                          Alan H. Weinreb, Esq.

## **VERIFICATION BY ATTORNEY**

**ALAN H. WEINREB**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: July 18, 2019
         Syosset, New York


         /s/ Alan H. Weinreb
         **ALAN H. WEINREB**