# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 19-CV-4147 (NGG) (RER)

———————————

WINDWARD BORA, LLC,

Plaintiff,

VERSUS

JONATHAN VALENCIA, JESSICA X. VALENCIA, ERICA VALENCIA, LONG ISLAND JEWISH MEDICAL CENTER, WELLS FARGO FINANCIAL NATIONAL BANK, AND CAPITAL ONE BANK (USA), N.A.,

Defendants.

———————————

**REPORT & RECOMMENDATION**

October 16, 2020

———————————

TO THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES SENIOR DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

On July 18, 2019, Plaintiff Windward Bora LLC ("Plaintiff") brought this diversity action under 28 U.S.C. § 1332 against Jonathan Valencia ("Jonathan"), Jessica X. Valencia ("Jessica"), Erica Valencia ("Erica"), Long Island Jewish Medical Center, Wells Fargo Financial National Bank, and Capital One Bank (USA), N.A., (collectively, "Defendants"), seeking foreclosure and sale of the property located at 214 North 5th Street, Bethpage, New York 11714, pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq*. (*See* Dkt. No. 2 ("Compl.")). Defendants did not answer or otherwise respond to the Complaint. Therefore, on September 9, 2019, the Clerk of the Court entered default against them. (Dkt. No. 22). Plaintiff

1

subsequently filed a Motion for Default Judgment of Foreclosure and Sale (Dkt. No. 23 ("Mot. for Default J.")), which Your Honor referred to me for a Report and Recommendation (Order dated 10/15/2019). For the reasons set forth herein, I respectfully recommend that: (1) Plaintiff's Motion for Default Judgment be denied in its entirety; (2) the Clerk's entry of default as to Jonathan, Jessica and Erica be vacated due to improper service; and (3) Plaintiff be given thirty days in which to properly serve Jonathan, Jessica and Erica with the summons and complaint, and thereafter file a subsequent motion for default judgment if warranted.

qwert

## BACKGROUND

On March 29, 2007, Javier Valencia and Jonathan Valencia executed a mortgage (the "Mortgage") to JP Morgan Chase Bank, N.A. ("JP Morgan") encumbering a property located at 214 North 5th Street, Bethpage, New York 11714 (the "Property"). (Compl. ¶ 16(a); Dkt. No. 2-3 ("Mortgage")). On the same day, Javier Valencia executed a note (the "Note") in the amount of $82,000 to JP Morgan. (Compl. ¶ 16(b)). In June 2013, Javier Valencia stopped making payments on the Note and it went into default. (Compl. ¶ 19). On December 26, 2016, Javier Valencia died. (Compl. ¶ 4 n. 1). Although not specifically alleged, the deed to the Property, which is incorporated by reference into the Complaint, (Compl. ¶¶ 5–6), indicates that in July 2017 ownership of the Property was transferred from Jonathan and Jessica as administrator of Javier's estate to Jessica and Erica. *See* Instrument No. 2017-00092704, NASSAU COUNTY LAND RECORDS, *available at* https://i2f.uslandrecords.com/NY/Nassau/D/Default.aspx, Book 13560, Page 585 [hereinafter "2017 Deed"]. Subsequently, on May 23, 2018, Plaintiff "came into possession of the original Promissory Note" and brought this action to foreclose on the Mortgage. (Dkt. No. 2-5 ("Devico Aff.") ¶ 7; Compl. ¶ 18).

## **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure, which governs motions for default judgment, provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once a certificate of default is issued, the plaintiff may move for a default judgment. *See id.*

Upon entry of default the plaintiff "is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-CV-4660 (RJD)(VVP), 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties."). The district court must determine whether the plaintiff's allegations establish liability as a matter of law. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation marks omitted); *see also Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (holding that a plaintiff seeking a default judgment must establish that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action").

Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a fact is not considered "well-pleaded" for purposes of a motion

3

for default judgment "if it is inconsistent with other allegations of the complaint or with facts of which the court can take judicial notice." *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-3259 (NGG)(RLM), 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (*quoting In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

"Where service on the defendant has not been effected properly, a default is void for lack of personal jurisdiction." *GMA Accessories, Inc. v. BOP, LLC*, No. 07 CIV. 3219 (LTS)(DCF), 2008 WL 762782, at *2 (S.D.N.Y. Mar. 20, 2008); *see also Sartor v. Toussaint*, 70 Fed. Appx. 11, 13 (2d Cir. 2002) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."); *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) ("Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant."). To that end, "[a] court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. CV 13-4590, 2014 WL 6606402, at *2 (E.D.N.Y. Aug. 4, 2014), *R&R adopted by* 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted); *see Lliviganay v. Cipriani 110 LLC*, No. 09 CIV. 0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) ("Further, it is not clear that these defendants were properly served, which is an independent obstacle to a default judgment.").

## **DISCUSSION**

### I.  Default Judgment Should Be Denied

Prior to considering a motion for default judgment, the Court must "first assure itself that it has personal jurisdiction over the defendant...." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading*

4

*Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). "For a federal court to exercise personal jurisdiction over a defendant, 'the plaintiff's service of process upon the defendant must have been procedurally proper.'" *Westchase Residential Assets II, LLC v. Gupta*, No. 14-CV-1435 (ADS) (GRB), 2016 WL 3688437, at *2 (E.D.N.Y. July 7, 2016) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)); *see also, e.g., Kulwa v. Obiakor OB/GYN P.C.*, No. 12-CV-1868 (JG)(MDG), 2013 WL 504383, at *4 (E.D.N.Y. Feb. 8, 2013) ("Service of process is a required element of personal jurisdiction."); *Sibley v. Jamestown Bd. of Pub. Utilities*, No. 11-CV-1043, 2012 WL 2886505, at *2 (W.D.N.Y. July 13, 2012) (to assert personal jurisdiction, "[t]he procedural requirements of effective service of process must be satisfied...."). Indeed, courts have found that "a default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *Nature's First Inc. v. Nature's First Law, Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006); *see also United States v. Cally*, 197 F.R.D. 27, 28 (E.D.N.Y. 2000) ("However, if service upon a defendant was improper, the court lacks personal jurisdiction over that defendant, and a default judgment entered against him must be vacated.").

Service is governed by Rule 4 of the Federal Rules of Civil Procedure, which allows an individual to be served by the rules of the State in which the district court sits. FED. R. CIV. P. 4(e)(1). "Under New York law, service on a natural person may be accomplished [*inter alia*] 'by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served.'" *Lu Nan Fan v. Jenny & Richard's Inc.*, No. 17-CV-6963 (WFK), 2019 WL 1549033, at *4 (E.D.N.Y. Feb. 22, 2019) *R&R adopted by* 2019 WL 1547256 (Apr. 9, 2019) (quoting N.Y. C.P.L.R. § 308(2)).

"Under New York law, a plaintiff is entitled to foreclosure as a matter of law through the production of the mortgage, the unpaid note, and evidence of default." *Onewest Bank, N.A. v. Cole*, No. 14-CV-3078 (FB) (RER), 2016 WL 11395013, at *2 (E.D.N.Y. Jan. 19, 2016), *R & R adopted by* 2016 WL 1069951 (Mar. 18, 2016) (quoting *BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-693 (FB), 2011 WL 1841530, at *3 (E.D.N.Y. Mar. 16, 2011) *R & R adopted by* 2011 WL 1838568 (May 13, 2011)). While Plaintiff has properly alleged these elements,[1] it has not established that the summons and complaint was properly served on Jonathan, Jessica and Erica, and therefore that the Court has personal jurisdiction over them.

Plaintiff served Jonathan, Jessica and Erica by providing a copy of the relevant documents to "a person of suitable age and discretion" at the Property -- 214 North 5th Street, Bethpage, NY 11714. (Dkt. Nos. 17–19). However, despite the allegations in the Complaint, 214 North 5th Street does not appear to be Jonathan's, Jessica's or Erica's dwelling place or usual place of abode. Rather, according to the 2017 Deed, which has been expressly incorporated into the Complaint by reference (Compl. ¶¶ 5–6), Jessica and Erica resided both before and after the transfer at 23 Berkshire Road, Bethpage, New York, and Jonathan resided at 29 Voorhis Drive, Old Bethpage, New York (2017 Deed at 2). Therefore, Plaintiff has failed to allege that service of process was properly effectuated on the individual defendants at their dwelling place or usual place of abode.[2] Because Plaintiff has failed to plead that it properly served Jonathan, Jessica and Erica, the Court cannot conclude that personal jurisdiction exists over them, and default judgment should not be entered. FED. R. CIV. P. 4(m); *Westchase Residential Assets II, LLC*, 2016 WL 3688437, at *2;

---

[1] *See* Complaint at ¶¶ 18-22.

[2] Plaintiff also served its Motion for Default Judgment papers on the Individual Defendants' at this improper address, thus failing to comply with Local Rule 55.2(c), and further warranting denial of Plaintiff's Motion for Default Judgment. *Augustin v. Apex Fin. Mgmt.*, No. 14-CV-182 (CBA) (VMS), 2015 WL 5657368, at *3 (E.D.N.Y. July 27, 2015), *R & R adopted by* 2015 WL 7430008 (Nov. 23, 2015) (citing *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012)).

*Cankat v. Vanilla Cafe Pastry Garden, Corp.*, No. 14-CV-6917 (RJD)(CLP), 2016 WL 1048031, at *1 (E.D.N.Y. Mar. 11, 2016) (recommending default judgment not be entered as "[i]t is well established that failure to adequately prove proper service of the complaint bars the entry of a default judgment."); *Avanti Enterprises, Inc. v. A&T Produce, Inc.*, No. 09-CV-1185 (NGG)(SMG), 2010 WL 3924771, at *4 (E.D.N.Y. July 21, 2010) (recommending that a motion for default judgment be denied for failure to effectuate proper service), *R&R adopted by* 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010); *Orellana v. World Courier, Inc.*, No. 09-CV-576 (NGG)(ALC), 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010), *R&R adopted by* 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010) (finding a defendant "not deemed in default" due to improper service and therefore "judgment to that effect cannot issue").

Further, if the Court lack personal jurisdiction over Jonathan, Jessica and Erica, "there is no basis on which a nominal defendant . . . should remain in the case . . . because, by definition, a nominal defendant is one against whom no relief can be sought." *Rudersdal v. Harris*, No. 18 Civ. 11072 (GHW), 2020 WL 5836517, at *9 (S.D.N.Y. Sept. 30, 2020). Accordingly, although they may have been properly served, default judgment over the "nominal defendants," that is, Long Island Jewish Medical Center, Wells Fargo Financial National Bank, and Capital One Bank (USA), N.A., should not be granted either.

As such, I respectfully recommend that Plaintiff's Motion for Default Judgment be denied in its entirety.

  II. <u>Entry of Default Should Be Vacated</u>

In deciding whether to vacate entry of default, a court must consider if there is good cause to do so under Rule 55(c), that is "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating

the default will cause the nondefaulting party prejudice." *United States v. Chesir*, 526 Fed.Appx. 60, 61 (2d Cir. 2013) *(quoting SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (stating that these criteria "should be construed generously" in favor of party seeking relief from judgment (internal quotation marks omitted)).

Based on the finding that service was improper, the initial question is whether entry of default is void ab initio, and should be vacated without further analysis. Logic seems to suggest as much. *See, e.g., Davis v. Musler*, 713 F.2d 907, 918 (2d Cir. 1983) (Van Graafeiland, J., concurring) ("If the district court, following the hearing which we now direct, decides that appellants were not served, that will end the matter"); *FBM Holdings LLC v. Goldwerks, Inc.,* No. 03-CV-2939 (DRH)(MLO), 2006 WL 1229160, at *3 (E.D.N.Y. May 5, 2006) ("given the patently defective service, the Court *sua sponte* vacates the default judgment"); *see also Webster Indus., Inc. v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1010 (N.D. Iowa 2003) ("Because the defendants in question have not been effectively served ... 'good cause' has been shown for the court to 'set aside [the] entry of default' "); *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003) (even under more stringent Rule 60(b) standards default judgment obtained by improper service was void and must be vacated noting, "if a judgment is in fact void the court does not have discretion in deciding whether to vacate the default judgment"). Under these principles, the determination that service was improper suggests that good cause exists to vacate the entry of default against Jonathan, Jessica and Erica.

Nevertheless, and out of an abundance of caution, I will review the three criteria that must be assessed in order to decide whether to relieve a party from entry of default. First, given Plaintiff's obvious failure to properly serve the summons and complaint, I cannot say that the

8

default was willful. There is nothing in the record to indicate that Jonathan, Jessica and Erica actually received the Complaint, and given that courts must construe facts against entering default, the default here should not be considered willful. Second, given the improper service and resulting "default", the Court is left to guess as whether there is a meritorious defense. No such defense appears on the face of the Complaint or related documents, but the Court should not speculate thereon. It is Plaintiff's fault that the Complaint was not properly served, and the lack of an apparent meritorious defense flows therefrom. Third, it does not appear that Plaintiff will suffer any prejudice from vacating entry of default aside from the additional cost and delay from re-serving the Complaint properly. Such cost and delay is of its own making, and Plaintiff cannot be heard to complain thereof.

In all, Plaintiff's failure to establish proper service upon Jonathan, Jessica and Erica warrants vacating entry of default against each of them. *E.g., MJC Supply, LLC v. Powis,* No. 18-CV-1539 (PKC) (RER), 2019 WL 2271789, *3 (E.D.N.Y. Feb. 20, 2019) (upon defendant's motion, recommending vacating entry of default where plaintiff did not comply with CPLR service requirements), *R&R adopted by* 2019 WL 1429625, at *4 (E.D.N.Y. Mar. 29, 2019). Accordingly, in addition to denying Plaintiff's motion for a default judgment, I respectfully recommend that Your Honor vacate the Clerk's Entry of Default against Jonathan, Jessica and Erica.

### III.    Plaintiff Should Be Granted Leave to Reserve The Individual Defendants

Given my recommendation that entry of default should be vacated, I think it only fair to grant Plaintiff thirty days under Rule 4(m) of the Federal Rules of Civil Procedure in which to properly serve the individual defendants. Thereafter, should the individual defendants not file an answer or otherwise respond to the Complaint, Plaintiff should be permitted to seek entry of default and file another motion for default judgment.

9

## CONCLUSION

For the reasons set forth above, I respectfully recommend that: (1) Plaintiff's Motion for Default Judgment be denied in its entirety; (2) the Clerk's entry of default against Jonathan, Jessica and Erica be vacated; and (3) Plaintiff be given thirty days in which to properly serve Jonathan, Jessica and Erica with the summons and complaint. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Nicholas G. Garaufis within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

*/s/ Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: October 16, 2020
Brooklyn, NY