UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 19-CV-4147 (NGG) (RER)

───────────────────

Windward Bora LLC,

Plaintiff,

versus

Jonathan Valencia, Jessica X. Valencia, Erica Valencia, Long Island Jewish Medical Center, Wells Fargo Financial National Bank, and Capital One Bank (USA), N.A.,

Defendants.

───────────────────

REPORT & RECOMMENDATION

December 31, 2021

───────────────────

To The Honorable Nicholas G. Garaufis
Senior United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

On July 18, 2019, Plaintiff Windward Bora, LLC ("Plaintiff"), a single-member Delaware limited liability corporation, brought this diversity action under 28 U.S.C. § 1332 against Jonathan Valencia, Jessica X. Valencia, and Erica Valencia (collectively "Valencia Defendants"), seeking foreclosure and sale of the property located at 214 North 5th Street, Bethpage, New York ("the Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1301 *et seq*.[1] Plaintiff also named as defendants the Long Island Jewish Medical Center, Wells

---

[1] While Plaintiff brought this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1301 *et seq.*, this motion has been brought pursuant to RPAPL Section 1391 *et seq*. (ECF No. 35 ("Mot. for

1

Fargo Financial National Bank, and Capital One Bank (USA), N.A (collectively "Non-Mortgagor Defendants" and, together with the Valencia Defendants, "Defendants"). Presently before the Court is Plaintiff's second motion for default judgment. For the reasons set forth herein, I respectfully recommend that: (1) Your Honor grant Plaintiff's motion for default judgment against Defendants; (2) the Court order the referee-supervised foreclosure and sale of the Property, and that the proceeds of the sale be applied to the total amount owed on the Note; and (3) that Your Honor order Plaintiff to submit further documentation to properly establish its requested damages.

## BACKGROUND

**I.     Factual History**

Accepting all well-pleaded factual allegations in the Complaint as true, as required under Rule 55 of the Federal Rules of Civil Procedure, the facts are as follows:

On March 29, 2007, Javier Valencia ("Javier") and Jonathan Valencia ("Jonathan") executed a mortgage (the "Mortgage") to JP Morgan Chase Bank, N.A. ("Chase") encumbering the Property.[2] (Compl. ¶ 16(a); ECF No. 2-3 (the "Mortgage")).[3] That same day, Javier executed a note ("the Note" or "the loan") in the amount of $82,000 to Chase. (Compl. ¶ 16(b); ECF No 2-4 (the "Note")). In June 2013, Javier stopped making payments on the loan and it went into default. (Compl. ¶ 19).

---

Default J. 2021")). Section 1391 is titled "Proceeding for share of unknown heirs." REAL PROP. ACTS. 1391. A motion for default judgment "must not differ in kind from . . . what is demanded in the pleadings." Fed. R. Civ. P. 54(c). However, as neither the Complaint nor Motion for Default Judgment mention "unknown heirs," the Court assumes this was a typographical error. *See Medina v. City of New York,* No. 20-CV-0797 (VEC), 2021 WL 1700323, at *1 n.3 (S.D.N.Y. 2021). Further, Article 13 of RPAPL covers Sections 1301-1391. REAL PROP. ACTS. 1301 - 1391. As Plaintiff's Complaint is brought pursuant to 1301 *et seq.* (Compl.), the Court accepts that Plaintiff is not raising a new claim at this time.

[2] In the Mortgage, Javier is named as both the "borrower" (Mortgage at 3) and an "owner" (Mortgage at 11). Jonathan is named only as an "owner." (*Id*).

[3] For clarification, pincites to Plaintiff's documents correspond to the ECF page number digitally inserted at the top of the exhibit. For example, a pincite to the first page of the Mortgage document, which begins on page 3 of ECF No. 2-3, will be cited as "(Mortgage at 3)."

At some point after the initiation of the Mortgage, the Non-Mortgager Defendants all acquired possessory interests in the Property. (*See* Compl. ¶¶ 7-13). Each Non-Mortgager Defendant now "[have] or claimed to have or may claim to have some interest in or lien upon" the Property, each of which is "subject [] and subordinate to" the Mortgage. (*See id*. ¶¶ 8, 10, 12-13).

On December 26, 2016, Javier Valencia died. (Compl. ¶ 4 n.1). Then, in July 2017 ownership of the Property was transferred from Jessica Valencia ("Jessica"), as administrator of Javier's estate, and Jonathan to Jessica and Erica Valencia ("Erica"). *See* Instrument No. 2017-00092704, NASSAU COUNTY LAND RECORDS, available at https://i2f.uslandrecords.com/NY/Nassau/D/Default.aspx, Book 13560, Page 585 [hereinafter "2017 Deed"].[4] These subsequent owners did not make any payments on the loan or cure the default. (ECF No. 35-2 ("Default J. Mem.") at 2).

On or about May 23, 2018 Plaintiff "came into possession of the original Promissory Note" (ECF No. 2-5 ("Devico Aff.") ¶ 7), and the Note is currently in Plaintiff's physical possession. (*Id*. ¶ 8; Compl. ¶ 18).

## II. Procedural History

On December 21, 2018, Plaintiff sent notices of default and 90-day pre-foreclosure notices to Javier and Jonathan at the Property, advising of possible acceleration of the loan and foreclosure if the default was not cured.[5] (Compl. ¶ 20; ECF No. 2-6). Plaintiff also filed the required notice

---

[4] While the deed is not in the record, the Court may take judicial notice of this document as it is incorporated by reference into the Complaint (Compl. ¶¶ 5-6). *See Gesualdi v. Interstate Masonry Corp.*, No. 12-CV-0383 (NGG) (VMS), 2014 WL 1311709, at *3 n.1 (E.D.N.Y. March 28, 2014) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

[5] As explained herein, the pre-foreclosure notice requirements of RPAPL §§ 1303-1304 are inapplicable to the Valencia Defendants. Accordingly, the Court will not consider whether service of the notices was proper. Under New York law, before commencing a foreclosure action against the borrower of a home loan, a plaintiff must comply with several statutory pre-foreclosure notice requirements, including serving a foreclosure notice with prescribed content on the borrower 90 days before commencing the action. N.Y. Real Prop. Acts. Law §§ 1303-04; *Wilmington Sav. Fund Soc'y v. White*, No. 17-CV-2288 (RRM) (SIL), 2019 U.S. Dist. LEXIS 90026, at *13 (E.D.N.Y. May 28, 2019);

3

information with the New York Department of Financial Services pursuant to RPAPL § 1306. (ECF No. 23-4 at 66). To date, the Valencia Defendants have not responded to the default notices and have not made any payment on the loan. (*Id*. ¶¶ 19, 22).

On July 18, 2019, Plaintiff sought to accelerate payment on the Note and brought this action to foreclose the Mortgage (Compl. ¶¶ 1, 23). On August 13, 2019, pursuant to RPAPL § 1331, Plaintiff filed a notice of pendency with the Clerk of Nassau County. (ECF No. 23-4 at 67). On August 30, 2019, after Defendants failed to defend or otherwise respond to the Complaint, Plaintiff requested an entry of default for the first time. (ECF No. 21). After default was entered, Plaintiff filed a motion for default judgment, which Your Honor referred to me. (ECF No. 23; Order Dated 10/15/2019). I subsequently issued a report and recommendation (ECF No. 25 ("Report & Recommendation")), which Your Honor adopted, recommending that default be vacated, and the motion be denied with leave to renew, due to improper service on the Valencia Defendants. *See Windward Bora, LLC v. Valencia*, No. 19-CV-4147 (NGG) (RER), 2020 U.S. Dist. LEIXS 1946325 (E.D.N.Y. Oct. 16, 2020) *adopted by* 2020 U.S. Dist. LEXIS 205386 (Nov. 3, 2020).

---

*see also CIT Bank, N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020); *Arcpe Holding v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2021 U.S. Dist. LEXIS 151493, at n. 5 (E.D.N.Y. Aug. 11, 2021). Importantly, the notice requirements apply **only** to the borrower of the home loan, and not to "a homeowner or mortgager." *Bank of Am., N.A. v. McNamara*, 2018 N.Y. Misc. LEXIS 3118, at *9 (Sup. Ct. Suffolk Cnty. 2018). The notice requirements also do not apply if the borrower died before the commencement of the action. *See N.Y. Cmty. Bank v. Jennings*, 2015 N.Y. Misc. LEXIS 3103 at *13 (Sup. Ct. Queens Cnty. 2015) (noting that the notice requirements of RPAPL § 1304 are inapplicable when the borrowers are deceased) (collecting cases); *McNamara*, 2018 N.Y. Misc. LEXIS 3118 at *10 (same). Here, Javier was the only individual named as a "borrower" on the Note (Note at 2) and Mortgage (Mortgage at 3). Therefore, he was the only individual that had to receive the statutory pre-foreclosure notices. Although he died prior to the commencement of this action (Compl. ¶ 4 n.1), Plaintiff was not required to serve the pre-foreclosure notices on his heirs. *See Jennings*, 2015 N.Y. Misc. LEXIS 3103 at *13. Furthermore, Jonathan was named in the Mortgage only as an "owner" (Mortgage at 11). Therefore, the statutory pre-notice requirements for "borrowers" are inapplicable to him. *See McNamara*, 2018 N.Y. Misc. LEXIS 3118, at *9 ("RPAPL 1304 plainly read, requires service of the 90-day notice only on a 'borrower,' not a homeowner or mortgagor."); *but see Bank of N.Y. Mellon v. Forman*, 176 A.D.3d 663, 665 (N.Y. App. Div. 2d Dep't 2019) (holding that an individual not listed on the note was nonetheless a "borrower" entitled to notice under RPAPL § 1304 because the individual was explicitly listed as a "borrower" on the mortgage).
.

4

Subsequently, Plaintiff properly served each of the Valencia Defendants. (ECF Nos. 28-33). On February 3, 2021, Plaintiff filed the second request for a certificate of default, and default was entered on March 8, 2021. (Entry Dated 03/08/2021). On March 24, 2021, Plaintiff filed this second motion for default judgment. (ECF No. 35), which Your Honor referred to me for a report and recommendation. (Order Dated 4/6/2021).

## **LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. Fed. R. Civ. P. 55. The Rule provides for "a two-step process for obtaining default judgment." *See Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, after a defendant has failed to appear or otherwise defend the case, the movant must request from the clerk of the court an entry of default against the nonresponsive party. Fed. R. Civ. P. 55(a). Second, after default has been entered, the plaintiff must then request an entry of default judgment. *Id.* 55(b)(2).

On a motion for default judgment, a court must accept all well-pleaded allegations as true, except those related to damages. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citing *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). This means that upon default, courts are to "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000) (citation omitted). Additionally, all reasonable inferences must be drawn in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d. Cir. 2009). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

## DISCUSSION

I. Foreclosure

   A. Foreclosure of the Property

Plaintiff seeks default judgment on its foreclosure and sale claim against Defendants. Pursuant to New York law, "a plaintiff seeking to foreclose a mortgage it did not originate must show evidence of: (1) the mortgage assignment; (2) the mortgage; (3) the note, and (4) the mortgage default." *Arcpe Holding v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI) (RER), 2021 U.S. Dist. LEXIS 151493, at *5 (E.D.N.Y. Aug. 11, 2021); *see Bank of Am., N.A. v. 3301 Atlantic LLC*, No. 10-CV-5204 (FB) (SMG), 2012 U.S. Dist. LEXIS 90928, at *9 (E.D.N.Y. June 29, 2012) *adopted by* 2013 U.S. Dist. LEXIS 206637 (Jan. 22, 2013). Collectively, these elements establish a plaintiff's presumptive right to foreclosure. *Wilmington Sav. Fund Soc'y, FSB v. Klein*, No. 18-CV-4231 (FB) (RER), 2019 U.S. Dist. LEXIS 40757, at *2-3 (E.D.N.Y. Mar. 12, 2019), *adopted by* 2019 U.S. Dist. LEXIS 76046 (May 3, 2019).

Here, Plaintiff has established a presumptive right to foreclosure against Defendants. Plaintiff has shown the existence of the assignment[6] (Note at 8; Devico Aff. ¶¶ 7-9; Compl. ¶ 18), Note (ECF No. 2-4), Mortgage (ECF No. 2-3), and mortgage default (Compl. ¶¶ 19, 22-23). This is sufficient to satisfy the requirements for a mortgage foreclosure action. *See e.g., Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS) (SIL), 2019 WL 3872853 at *3 (E.D.N.Y. July 16, 2019), adopted by 2019 WL 2934640 (Aug. 6, 2019). Defendants have not made any defense against

---

[6] The allonge on the Note is endorsed in blank. (Note at 8). "[A]n allonge endorsed in blank makes 'the Note payable to the party in possession of the original Note.'" *Cit Bank, N.A. v. Metcalfe*, No. 15-CV-1829 (MKB) (JO), 2017 U.S. Dist. LEXIS 132670, at *10 (E.D.N.Y. Aug. 17, 2017), *adopted by* 2017 U.S. Dist. LEXIS 142471 (Sept. 1, 2017) (quoting *Onewest Bank, N.A. v. Guerrero*, No. 14 Civ. 3754 (NSR), 2016 U.S. Dist. LEXIS 79258, at *12 (S.D.N.Y. June 17, 2016)). The Plaintiff had physical possession of the Note when it filed this lawsuit (Devico Aff. ¶¶ 7-9; Compl. ¶ 18), and therefore has standing to foreclose. *Metcalfe*, 2017 U.S. Dist. LEXIS 132670, at *10.

6

Plaintiff's claim, nor have they challenged the existence of any of these elements. Accordingly, I respectfully recommend that Plaintiff's request for foreclosure and sale of the Property be granted.

### B. Foreclosure Claim Against Non-Mortgager Defendants

Plaintiff also seeks default judgment against the Non-Mortgager Defendants to terminate their alleged interests in the Property. (*See* Compl. ¶¶ 8, 10, 12-13). Under New York law, a plaintiff must name as a necessary defendant every party that has a lien or incumbrance upon the property that is claimed to be "subject and subordinate to the lien of the plaintiff." *Sac Fund II 0826 v. Burnell's Enters. et al.*, No. 18-CV-3504 (ENV) (PK), 2019 U.S. Dist. LEXIS 193952, at *17 (E.D.N.Y. Sept. 7, 2019) (quoting N.Y. Real Prop. Acts. Law § 1311(3)), *adopted by* 2019 U.S. Dist. LEXIS 197737 (Oct. 31, 2019). These parties are necessary because "the foreclosure action will extinguish the rights of all parties with subordinate interests in the property." *Miss Jones LLC v. McCormick*, No. 16-CV-7129 (WFK) (RER), 2017 U.S. Dist. LEXIS 127385, at *7 (E.D.N.Y. Aug. 9, 2017), *adopted by* 2017 U.S. Dist. LEXIS 178611 (Oct. 25, 2017).

"Default judgment against non-mortgagor defendants is generally appropriate where the complaint alleges 'nominal liability,' meaning that 'any judgments or liens a defendant may have against the property are subordinate to the plaintiff's lien.'" *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 U.S. Dist. LEXIS 33931, at *12 (E.D.N.Y. Feb. 26, 2020) (quoting *OneWest Bank, N.A. v. Raghunath*, No. 14-CV-3310 (RJD) (MDG), 2015 U.S. Dist. LEXIS 131713, at *8 (E.D.N.Y. Sept. 8, 2015)). A complaint successfully alleges nominal liability "when it states 'that any judgments the Defaulting defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien.'" *Sac Fund II 0826*, 2019 U.S. Dist. LEXIS 193952, at *19 (quoting *West Coast 24-7, LLC v. Hamilton*, 17-CV-3918 (ADS) (ARL), 2018 U.S. Dist. LEXIS 192385, at *2 (E.D.N.Y. Nov. 8, 2018)). Here, the Complaint

7

contains well-pleaded allegations of nominal liability on the part of the Non-Mortgager Defendants.[7] (Compl. ¶¶ 8, 10, 12-13). Accordingly, I respectfully recommend that default judgment be granted against them. *See e.g. Sac Fund II 0826*, 2019 U.S. Dist. LEXIS 193952, at *20 (recommending default judgment against non-mortgager defendants when the complaint claimed that the parties had liens subordinate to the plaintiff's).

    II.    <u>Foreclosure and Remedies</u>

Once liability is established on a motion for default judgment, the court must ascertain damages with "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings." *Arcpe Holding*, 2021 U.S. Dist. LEXIS 151493, at *9. However, "a court cannot simply rely on the plaintiff's statement to determine damages on a default judgment." *Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-1788 (MKB) (RML), 2016 U.S. Dist. LEXIS 154919, at *11 (E.D.N.Y. Nov. 7, 2016); *see also Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 32 (2d Cir. 2014) (holding that "the district court is not permitted to 'just accept [plaintiff's] statement of the damages'") (citation omitted); *House v. Kent Worldwide Machine Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("Even in the absence of a hearing, however, the district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty.") (citation omitted).

As an initial matter, Plaintiff seeks: (1) $132,490.22 in pecuniary damages[8] (ECF No. 35-6 ("Damages Aff.") ¶ 10), including $78,169.22 in outstanding principle (*id*. ¶ 7) and $54,321 in

---

[7] Plaintiff also provided proof of the Non-Mortgager Defendants judgments against Javier. (ECF No. 2-2).

[8] In the proposed judgment (ECF No. 35-3) Plaintiff also seeks to recover "any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon . . ." (*Id* at 3). It is unclear whether Plaintiff actually incurred these costs, and if so, in what amount. Plaintiff does not allege a specific amount in any filing and fails to support this request with any documentation. Even if Plaintiff had sufficiently alleged these damages in the default judgment papers, it would not be entitled to recover them, since they are not alleged in the Complaint.

8

interest from May 11, 2013 through March 9, 2021 (*id.* ¶¶ 8-9);[9] (2) that the damages be paid for from the proceeds of the foreclosure and sale of the Property, to be conducted by a court-appointed Referee. (Compl. at 7; ECF No. 35-3 ("Proposed J.") at 4); and (3) that the "Defendant"[10] be held liable for any deficiency existing after the sale. (Proposed J. at 4).

    A.  <u>Amount Due Under the Note</u>

Plaintiff claims that as of March 9, 2021, the unpaid principal on the Note is $78,169.22. (Damages Aff. ¶ 7). The claimed principal is accompanied by interest calculated at a rate of 8.75% (supported by the Note), which, according to Plaintiff's calculations, equals $19[11] in daily interest, for a total of $54,321 for the period of May 11, 2013 through March 9, 2021 (Damages Aff. ¶¶ 7-10). Notwithstanding the fact that Plaintiff incorrectly calculated both the daily interest and total

---

*See* Federal Rule of Civil Procedure 54(c) ("a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *Silge v. Merz*, 510 F.3d 157, 159-60 (2d Cir. 2007) (denying plaintiff's request for damages not included in complaint after defendant defaulted).

[9] The Complaint claims that "late charges" were also included in the amount calculated as of December 21, 2018 (Compl. ¶ 23(a)). However, the Complaint did not clarify the amount of these late charges. "Late charges" are not mentioned in the proposed judgment (ECF No. 35-3) or documents accompanying the motion for default judgment. Accordingly, any claim for "late charges" is considered abandoned. *See Sell Below Costs United States LLC v. Blue Island Holding Group US*, No. 19-CV-6095 (KAM) (RER), 2021 U.S. Dist. LEXIS 25673, at n. (E.D.N.Y. Feb. 9, 2021), *adopted by* 2021 U.S. Dist. LEXIS 37378 (Mar. 1, 2021) (claims alleged in complaint but not requested in motion for default judgment are abandoned).

[10] Plaintiff requests that they "shall recover from Defendant the whole deficiency" remaining after the sale. (Proposed J. at 4). There are multiple defendants in this case, and Plaintiff does not clarify which Defendant they seek to hold liable.

[11] Plaintiff's interest calculation is incorrect for several reasons. First, the daily interest rate should be calculated by the following formula: daily interest rate = (outstanding principal X interest rate per annum) / 365 (representing the days in the year). *Happy Homes*, 2016 U.S. Dist. LEXIS 154919, at n. 11. Here, Plaintiff incorrectly calculated the sum by dividing by 360, not 365. (Damages Aff. ¶ 9). Second, daily interest should be rounded to the nearest cent, which is equal to two decimal places after the period. *See e.g., Windward Bora LLC v. Edwar Brito*, No. 19-CV-4073 (MKB) (ST), 2020 U.S. Dist. LEXIS 221637, at *19 (E.D.N.Y. Nov. 24, 2020) (rounding the daily interest rate to the nearest cent), *adopted by* 2020 U.S. Dist. LEXIS 233563 (Dec. 11, 2020); *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH) (ST), 2019 U.S. Dist. LEXIS 5715, at *9 (E.D.N.Y. Jan 10, 2019) (same), *adopted by* 2019 U.S. Dist. LEXIS 38917 (Mar. 8, 2019). Here, Plaintiff rounded the daily interest rate to the nearest whole dollar. (Damages Aff. ¶ 9).

amount of interest due under the Note,[12] Plaintiff has also otherwise failed to provide documentation to adequately support this damages request.

"In the context of a default judgment in a foreclosure action, several courts in the Eastern District of New York have required more than production of the initial mortgage and an affidavit stating the outstanding principal on a loan." *Happy Homes*, 2016 U.S. Dist. LEXIS 154919, at *12. *See Arcpe Holding*, 2021 U.S. Dist. LEXIS 151493, at *9 (recommending that plaintiff be required to provide further documentation to substantiate its damages when it only provided an affidavit); *CIT Bank, N.A. v. Paganos*, No. 14-CV-3987 (CBA) (VMS), 2016 U.S. Dist. LEXIS 93816, at *4-*5 (E.D.N.Y. July 18, 2016) (denying a request for damages when plaintiff did not provide documentation supporting the affidavit's assertion of the outstanding principal amount); *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG) (CLP), 2015 U.S. Dist. LEXIS 131774, at *8 (E.D.N.Y. Sept. 2, 2015) (same).

To support its damages request, Plaintiff only provided: (1) an affidavit from Yonel Devico, its sole member, which incorrectly calculated the interest amount due (Damages Aff.); a sworn statement by its attorney, which also contained the incorrect interest calculation (ECF No. 35-1); and the mortgage instruments. (ECF Nos. 2-3, 2-4). Importantly, Plaintiff has not submitted evidence to support the claimed outstanding principal. While the mortgage instruments confirm that the original loan amount was for $82,000 (ECF Nos. 2-3, 2-4), Plaintiff has not submitted any loan documentation to corroborate the outstanding $78,169.22 balance. "Where a plaintiff 'provides no documentation' to support an affidavit's assertion of an unpaid principal, it is

---

[12] As stated above, the daily interest rate is calculated by the following formula: daily interest rate = (outstanding principal X interest rate per annum) / 365 (representing the days in the year). Here, the alleged unpaid principal is $78,169.22 and the interest rate is 8.75% per annum. Therefore, the daily interest rate is equal to $18.74 = (78,169.22 X 8.75%) / 365. This calculation was for the period of May 11, 2013 through March 9, 2021, which equals 2,859 days. Therefore, the interest due for this period equals $53,577.66, which is calculated by multiplying the daily interest rate by the number of days.

10

appropriate to deny the damages request." *Arcpe Holding*, 2021 U.S. Dist. LEXIS 151493, at *14 (quoting *Paganos*, 2016 U.S. Dist. LEXIS 93816, at *2 (finding an affidavit and original loan agreement inadequate to establish an unpaid principal). Furthermore, the Court cannot properly calculate the outstanding interest without verifying the outstanding principal. *See OneWest Bank, N.A. v. Vaval*, No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *3 (E.D.N.Y. July 19, 2016) (declining to award interest on an unverified principal amount).

To properly substantiate its damages, Plaintiff must provide further documentation. *See CIT Bank, N.A. v. Seeram*, No. 16-CV-2608 (RRM) (LB), 2017 WL 8220204, at *3 (E.D.N.Y. Feb. 15, 2017), *adopted by* 2018 WL 1308003 (Mar. 13, 2018) (granting damages once properly supported). "Similarly situated plaintiffs in this District have met the evidentiary threshold for damages by providing 'specific business records,' which have included records of the borrower's payment history, an accrued interest rate schedule, and a spreadsheet of escrow expenses." *Arcpe Holding*, 2021 U.S. Dist. LEXIS 151493, at *14 (quoting *Seeram*, 2017 WL 8220204, at *5); *see also CIT Bank, N.A. v. Schiffman*, No. 16-CV-5772 (DLI) (RML), 2018 U.S. Dist. LEXIS 145682, at * (E.D.N.Y. Aug. 24, 2018). Accordingly, I respectfully recommend that Your Honor direct Plaintiff to submit further documentation substantiating the alleged damages.

    B.  <u>Judgment of Foreclosure and Sale and Referee Appointment</u>

Plaintiff also requests that the Court appoint a referee to conduct the foreclosure sale. (Proposed J. at 2). "Courts in this Circuit have permitted such appointments where the plaintiff 'established a prima facie case by presenting a note, a mortgage, and proof of default.'" *Miss Jones LLC v. Brown*, No. 17-CV-989 (NGG) (VMS), 2020 U.S. Dist. LEXIS 148140, at *20 (E.D.N.Y. Aug. 14, 2020), *adopted by* 2020 U.S. Dist. LEXIS 16633 (Sept. 8, 2020) (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878 (ADS) (WDW), 2014 U.S. Dist. LEXIS 55423, at *4 (E.D.N.Y.

11

Apr. 18, 2014)). As previously discussed, Plaintiff has provided these documents. Therefore, a referee should be appointed.

Plaintiff has requested that Kevin Snover, Esq. be appointed as the referee and that he be paid a fee of $750. (Proposed J. at 2). Courts in this District have routinely found this to be a reasonable fee for Mr. Snover. *See e.g., Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC) (SMG), 2020 U.S. Dist. LEXIS 131546, at *13 (E.D.N.Y. July 24, 2020) (finding a $750 fee reasonable for Mr. Snover); *Wilmington Pt Corp. v. Salomon*, No. 20-CV-4068 (DRH) (ST), 2021 U.S. Dist. LEXIS 109458, at *15 (E.D.N.Y. June 9, 2021) (same), *adopted by* 2021 U.S. Dist. LEXIS 122650 (E.D.N.Y. June 30, 2021). Accordingly, I respectfully recommend that Mr. Snover be appointed as the referee, and that he be paid a fee of $750. I further recommend that the proceeds of the sale be applied to the total amount owed on the Note, once Plaintiff has provided adequate documentation, as set forth above.

### C. Liability for Any Deficiency After the Sale

In the proposed judgment, Plaintiff requests that it "recover from Defendant the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied . . . ." (ECF No. 35-3 at 4). However, Plaintiff has failed to adequately allege that any of the Defendants would be liable for a deficiency judgment, should a deficiency remain after the sale of the Property.

As discussed above, *supra* n. 5, the Valencia Defendants are not borrowers. Therefore, they are not liable on the Note, from which any deficiency judgment would flow. Likewise, the Non-Mortgager Defendants were named as defendants because they are necessary parties to the foreclosure action. They have no obligation under the Note. From the facts alleged in the Complaint, the only party that may have an obligation under the Note is Javier's estate, which was

not named as a defendant. Since Javier's estate was not named as a Defendant, it cannot be held liable for any deficiency that may exist after the sale. *See Letchworth Realty, LLC v. LLHC Realty, LLC*, No. 15-CV-6680 (FPG), 2020 U.S. Dist. LEXIS 163220, at *4 (W.D.N.Y. Sept. 6, 2020) (citing *United States v. Whitney*, 602 F. Supp. 722, 731 (W.D.N.Y. 1985) ("New York law provides that a mortgagee may recover from the mortgagor the debt remaining unsatisfied after foreclosure, but only if the person liable for the payment of the debt secured by the mortgage was made a defendant in the action, and appeared or was personally served with the summons in the action.")). Accordingly, I respectfully recommend that Plaintiff's request for a deficiency judgment be denied.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that: (1) Your Honor grant Plaintiff's motion for default judgment against Defendants; (2) the Court order the referee-supervised foreclosure and sale of the Property, and that the proceeds of the sale be applied to the total amount owed on the Note; and (3) that Your Honor order Plaintiff to submit further documentation to properly establish its requested damages. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Nicholas G. Garaufis within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District

Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: December 31, 2021
Brooklyn, NY